# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLIN D. WILLIAMS,<br><br>   Plaintiff,<br><br>  v.<br><br>J. NAVARRO, et al.,<br><br>   Defendants. | Case No. 1:18-cv-00611-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S DAMAGES CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES AND DIRECTING THIS ACTION TO PROCEED ON PLAINTIFF'S COGNIZABLE CLAIMS<br><br>(ECF No. 1.) |

Plaintiff Collin Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on May 3, 2018, is currently before the Court for screening. (ECF No. 1.)

**I. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison, Corcoran. Plaintiff names the following defendants: (1) Correctional Sergeant J. Navarro; (2) Correctional Officer C. Santiestban; (3) Correctional Officer E. Cortez; (4) Correctional Officer J. Sanchez; (5) Registered Nurse A. Andrezejewski; and (6) Licensed Vocational Nurse J. Brown. Plaintiff names defendants in both their individual and official capacities.

Plaintiff alleges that on December 7, 2017, at approximately 8:30 a.m., he told Defendant Sanchez that he was going to file a staff complaint against him for harassment. That same day, at approximately 9:40 a.m., Defendants Navarro, Cortez, and Santiestban came to Plaintiff's cell. Plaintiff asked what was going on, but did not receive a response. Defendant Sanchez then opened Plaintiff's cell door, and Defendant Navarro told Plaintiff to cuff up. Plaintiff immediately complied.

After handcuffs were applied, Defendants Cortez and Santiestban escorted Plaintiff

downstairs to the lower shower, where Plaintiff was locked inside.  Plaintiff again asked Defendants Cortez and Santiestban what was going on, but he received no answer.  Plaintiff was told to strip out, and Plaintiff complied by taking off all of his clothes and placing them on the shower bars.  After a strip search, Plaintiff received his clothing and dressed.  Plaintiff also asked why he was strip searched.  Defendant Santiestban told Plaintiff that they did not need a reason.

Plaintiff and his cell were searched, but found clean.  However, Defendants Navarro, Cortez and Santiestban returned and told Plaintiff to strip out again.  Plaintiff submitted to the second strip search.  Plaintiff also asked Defendant Navarro for an explanation, and Defendant Navarro replied that asking questions only made it worse.

Plaintiff advised all three defendants that he would be filing a complaint regarding his treatment.  Defendant Cortez stated that Plaintiff wanted to play the paperwork game.  Defendant Navarro then called a meeting with Defendants Cortez, Sanchez and Santiestban.  After the meeting, Defendant Navarro stated, "This is my yard. Bad choice Mr. Williams.  My officers always win the paperwork game."  (ECF No. 1 at 5.)  Plaintiff heard Defendant Santiestban tell Defendant Sanchez, "the regular slam dunk."  (Id.)  Defendant Sanchez then stated, "Let me lock up all the porters and kitchen workers."  (Id.)

After the porters and kitchen workers were in their cells, Defendants Cortez and Santiestban returned to the shower and Plaintiff was directed to turn around and walk backwards.  Plaintiff complied.  Defendant Cortez grabbed Plaintiff's left arm and Defendant Santiestban grabbed Plaintiff's right arm.  Defendant Navarro stood next to the floor staff office, watching Plaintiff.  As Defendants Cortez and Santiestban began escorting Plaintiff across the section.  As they approached the rotunda, Defendant Cortez told Defendant Santiestban, "Take him down, and make it look good on paper!!"  (Id. at 6.)  About two feet into the rotunda area, Defendant Santiestban grabbed Plaintiff, lifted him approximately three feet up in the air and body slammed him head first into the concrete.  Defendant Cortez then placed his knees in Plaintiff's back, making Plaintiff feel paralyzed because Defendant Cortez hit a nerve in Plaintiff's spinal cord.  Plaintiff then heard Defendant Santiestban yell, "so you want to still file a 602 mother…."  (Id.)  Defendant Santiestban punched Plaintiff twice in the right eye while Defendant Cortez kept his knees in Plaintiff's back.

Plaintiff began to scream as blood began to run down his forehead into his right eye. Defendant Cortez told Plaintiff to stop resisting and began to elbow Plaintiff in the back of the head. Defendant Santiestban kicked Plaintiff four times in the right rib cage and once in the face. Defendant Santiestban yelled to Defendant Navarro for Defendant Sanchez to hit the alarm button.

After Defendant Sanchez hit the alarm, other staff entered the rotunda, including Defendant Navarro. Defendant Navarro ensured that Plaintiff was taken to the gym and placed in a holding cage. While Plaintiff was in the cage, Defendant Navarro began to brag and mock Plaintiff. For over two hours, Plaintiff stood in the gym with blood on his face. Defendant Navarro stated that Plaintiff refused medical attention from Defendants Andrezejewski and Brown, which was not true or correct. Although Plaintiff was never seen by Defendants Andrezejewski or Brown, both nurses completed a medical report of injuries and failed to report that Plaintiff was suffering from multiple serious injuries to his head, face, ribs and back. Plaintiff did not receive medical treatment while in the holding cage. Plaintiff begged for care, but was only allowed a blue shirt to wipe the blood off his head and face.

Hours later, Plaintiff was removed from the gym and taken to ASU-1. Plaintiff explained to every staff member that he had been badly beaten by officers and needed medical treatment. While in the ASU-1 holding cage, Nurse Torres told Plaintiff that he had serious wounds to his face and head and to put in a sick call slip. The next day, Plaintiff could barely move.

After Plaintiff received a fabricated rules violation report and fabricated medical reports, Plaintiff filed a 602 for staff abuse. On December 22, 2017, Lieutenant Watkins called Nurse Torres, who claimed that she could only document injuries that she could see. However, Plaintiff's injuries and wounds were still massive, and were videotaped and recorded by Lieutenant Watkins.

Plaintiff alleges that he has exhausted all his administrative remedies and has filed a government claim. Plaintiff asserts the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Santiestban and Cortez; (2) failure to intervene in violation of the Eighth Amendment against Defendants Navarro and Sanchez; (3) denial of access to medical treatment in violation of the Eighth Amendment against Defendant Navarro; (4) denial of access to medical treatment in violation of the Eighth Amendment against Defendants Andrezejewski and

Brown; (5) assault and battery against Defendants Santiestban and Cortez; and (6) medical negligence against Defendants Andrezejewski and Brown. As relief, Plaintiff requests compensatory and monetary damages.

### III. Discussion

#### A. Official Capacity

Plaintiff is attempting to bring suit for monetary damages against defendants in their individual and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). Thus, Plaintiff may only proceed against the defendants in their individual capacities for monetary damages. Accordingly, the Court will recommend that Plaintiff's claims for damages against defendants in their official capacities be dismissed and that Plaintiff's damages claims proceed only against defendants in their individual capacities.

#### B. Eighth Amendment – Excessive Force

Plaintiff alleges that Defendants Santiestban and Cortez used excessive force in violation of the Eighth Amendment. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat

'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

At the pleading stage, Plaintiff's complaint states a cognizable claim against Defendants Santiestban and Cortez, in their individual capacities, for excessive force in violation of the Eighth Amendment.

### C. Eighth Amendment - Failure to Intervene

Plaintiff alleges that Defendants Navarro and Sanchez failed to intervene in the use of excessive force in violation of the Eighth Amendment. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 832–33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

At the pleading stage, Plaintiff's complaint states a cognizable claim against Defendants Navarro and Sanchez in their individual capacities for failure to intervene in the use of excessive force in violation of the Eighth Amendment.

### D. Eighth Amendment - Denial of Access to Medical Treatment

Plaintiff alleges that Defendants Navarro, Andrezejewski and Brown denied him access to medical treatment in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo Cty., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an

inference that "a substantial risk of serious harm exists" and the official must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Moreover, negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191–92 (E.D. Cal. 2008).

At the pleading stage Plaintiff's complaint states a cognizable claim for deliberate indifference against Defendant Navarro in his individual capacity for failing to allow Plaintiff access to medical treatment, including care for the wounds to his face and head. Plaintiff's complaint also states a cognizable claim for deliberate indifference against Defendants Andrezejewski and Brown in their individual capacities for failure to provide medical treatment following the incident of excessive force, including treatment for the wounds to his face and head. The complete denial of medical attention or interference with medical treatment may constitute deliberate indifference. Lyons, 566 F.Supp.2d at 1191.

### E. State Law Claims

#### 1. Assault and Battery

Plaintiff alleges a state law claim for assault and battery against Defendants Santiestban and Cortez. For a civil battery claim in California, a plaintiff must prove "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." Brown v. Ransweiler, 171 Cal.App.4th 516, 526 (2009). Where the defendant is a peace officer, the plaintiff must also prove that the use of force was unreasonable. Ransweiler, 171 Cal.App.4th at 526.

For an assault claim under California law, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. Tekle v. U.S., 511 F.3d 839, 855 (9th Cir. 2007) (citation omitted).

At the pleading stage, Plaintiff's complaint states cognizable state law claims against

Defendants Santiestban and Cortez for assault and battery.

**2.    Medical Negligence**

To state a claim for medical negligence or malpractice under California law, a plaintiff must establish "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Sampson v. Ukiah Valley Med. Ctr., No. 15-CV-00160-WHO, 2017 WL 2834001, at *3 n. 5 (N.D. Cal. June 30, 2017) (quoting Machado v. Cal. Dep't of Corrs. and Rehab., 12-cv-6501-JSC, 2013 WL 5800380, at *5 (N.D. Cal. Oct. 28, 2013)).

Plaintiff's complaint states a cognizable state law claim for medical negligence against Defendants Andrezejewski and Brown.

**IV.    Conclusion and Recommendation**

The Court finds that Plaintiff has stated the following cognizable claims against defendants in their individual capacities:  (1) excessive force in violation of the Eighth Amendment against Defendants Santiestban and Cortez; (2) failure to intervene in the use of excessive force in violation of the Eighth Amendment against Defendants Navarro and Sanchez; (3) deliberate indifference to serious medical needs against Defendants Navarro, Andrezejewski and Brown; (4) assault and battery against Defendants Santiestban and Cortez; and (5) medical negligence against Defendants Andrezejewski and Brown. However, Plaintiff has failed to state cognizable damages claims against defendants in their official capacities.  The Court finds that further leave to amend will be unable to cure this deficiency. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED as follows:

1.    This action proceed on the following claims against defendants in their individual capacities:  (1) excessive force in violation of the Eighth Amendment against Defendants Santiestban and Cortez; (2) failure to intervene in the use of excessive force in violation of the

Eighth Amendment against Defendants Navarro and Sanchez; (3) deliberate indifference to serious medical needs against Defendants Navarro, Andrezejewski and Brown; (4) assault and battery against Defendants Santiestban and Cortez; and (5) medical negligence against Defendants Andrezejewski and Brown.

      2.    Plaintiff's damages claims against defendants in their official capacities be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **December 28, 2018**          /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE