# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLIN WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NAVARRO, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-00611-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 27) |

Plaintiff Collin Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against: (1) Defendants Santiesteban[1] and Cortez for excessive force; (2) Defendants Navarro and Sanchez for failure to intervene; (3) Defendants Navarro, Andrzejewski,[2] and Brown for deliberate indifference; and (4) Defendants Santiesteban and Cortez for assault and battery; and (5) Defendants Andrzejewski and Brown for medical negligence.

Currently before the Court is Plaintiff's motion to appoint counsel. (ECF No. 27.) Plaintiff states that exceptional circumstances exist in this action because Plaintiff is unable to properly articulate his claims in light of the complexity of the legal issues involved, and Plaintiff's legal knowledge is very limited. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954

---

[1] Sued as "Santiestban."

[2] Sued as "Andrezejewski."

1

n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Throughout this action, Plaintiff has been able to prepare and file documents that clearly set forth his contentions, without assistance from counsel.

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 27) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 5, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE