# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLIN WILLIAMS,<br><br>               Plaintiff,<br><br>     v.<br><br>NAVARRO, *et al.*,<br><br>               Defendants. | Case No.  1:18-cv-00611-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE WITHOUT PREJUDICE<br><br>(ECF No. 46) |

   Plaintiff Collin Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against: (1) Defendants Santiesteban[1] and Cortez for excessive force in violation of the Eighth Amendment; (2) Defendants Navarro and Sanchez for failure to intervene in violation of the Eighth Amendment; (3) Defendants Navarro and Andrzejewski,[2] and Brown for deliberate indifference in violation of the Eighth Amendment; (4) Defendants Santiesteban and Cortez for assault and battery in violation of state law; and (5) Defendants Andrzejewski and Brown for medical negligence in violation of state law.

   Pending before the Court is Defendants' motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies and failed to comply with the

---

[1] Erroneously sued as "Santiestban."

[2] Erroneously sued as "Andrezejewski."

1

Government Claims Act. (ECF No. 29.) The motion is fully briefed.

On May 2, 2022, Plaintiff filed a motion for Alternative Dispute Resolution ("ADR") to allow the parties to settle their dispute after ruling on the pending summary judgment motion. (ECF No. 46.) Plaintiff states that the parties had previous settlement discussions in this action and apparently reached an agreement, but Defendants ultimately decided to file a summary judgment motion on the basis of failure to exhaust. Plaintiff appears to argue that the summary judgment motion will not entirely dispose of this action, and therefore it would be beneficial for the Court to set this matter for ADR after ruling on the pending motion. (*Id.*)

Defendants have not yet had the opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

At this time, the Court finds that scheduling this action for a settlement conference would be premature. Defendants' motion for summary judgment remains pending, and there is a possibility that it may dispose of the entire action. If the motion for summary judgment does not dispose of the entire action and the parties jointly decide that this action would benefit from a Court-facilitated settlement conference, they may so inform the Court.

Accordingly, Plaintiff's motion for Alternative Dispute Resolution, (ECF No. 46), is HEREBY DENIED, without prejudice, as premature.

IT IS SO ORDERED.

Dated:   **May 3, 2022**                         /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE