# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLIN WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NAVARRO, *et al.*,<br><br>　　　　　　Defendants. | Case No.  1:18-cv-0611 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 29, 52) |

Collin Williams seeks to hold the defendants liable for violations of his civil rights with the following claims: (1) excessive force in violation of the Eighth Amendment against Santiesteban[1] and Cortez; (2) failure to intervene in violation of the Eighth Amendment against Navarro and Sanchez; (3) deliberate indifference in violation of the Eighth Amendment against Navarro, Andrzejewski,[2] and Brown; (4) assault and battery in violation of state law against Santiesteban and Cortez; and (5) medical negligence against Andrzejewski and Brown. (*See* Doc. 12 at 2.)  Defendants seek summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies for the claims arising under federal law and did not comply with the California Government Tort Claims Act to proceed with his state law claims.  (Doc. 29.)

The assigned magistrate judge found Defendants satisfied their burden to show Plaintiff

---

[1] Erroneously sued as "Santiestban."
[2] Erroneously sued as "Andrezejewski."

1

had available administrative remedies and he failed to exhaust the remedies prior to filing suit. (Doc. 52 at 11.)  In addition, the magistrate judge found Plaintiff did not demonstrate the remedies "were effectively unavailable to him." (*Id.*)  Finally, the magistrate judge found Plaintiff did not provide sufficient information "for adequate investigation of the claims," on his California Government Claim Form, and Plaintiff did not dispute that he failed to comply with the requirements California's Government Claims Act.  (*Id.* at 13-14.)  Therefore, the magistrate judge recommended Defendants' motion for summary judgment be granted.  (*Id.* at 14.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days.  (Doc. 52 at 14.) The Court advised Plaintiff the "failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 15, 2024 (Doc. 52) are **ADOPTED** in full.
2. Defendants' motion for summary judgment (Doc. 29) is **GRANTED**.
3. Plaintiff's federal claims are **DISMISSED** without prejudice, for failure to exhaust administrative remedies.
4. Plaintiff's state law claims are **DISMISSED** without prejudice for failure to comply with the requirements of California's Government Claims Act.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 19, 2024**

UNITED STATES DISTRICT JUDGE